UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CHET MICHAEL WILSON, | Case No. 6:25-cv-01870-MTK |
| Plaintiff, | **CASE MANAGEMENT ORDER** |
| v. | |
| GAMECHANGER247, LLC, | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

I.      **General Directions**

    A.      **Documents**

All documents described below shall be filed using the District Court's CM/ECF system. Please contact the Courtroom Deputy at kasubhai_crd@ord.uscourts.gov with questions you may have.

    B.      **Pronoun Usage**

The parties and counsel are encouraged to advise the Court of their pronouns and honorifics (such as Mx., Ms., or Mr.). People appearing before this Court may provide their pronouns and honorifics in writing or orally when appearing for conferences, hearings, or trials. Attorneys are encouraged to identify their pronouns and honorifics in their signature lines when

submitting documents for filing. Parties and counsel are instructed to address each other in all written documents and court proceedings by those previously identified pronouns and honorifics.

## II.      Scheduling

### A.      Rule 26(f) Report/Rule 16 Conferences

Within 21 days after all Defendants have filed answers, the parties are ordered to jointly submit a Rule 26(f) report which includes, at minimum, proposed dates for close of fact and expert discovery, dispositive motions, and joint ADR report and pretrial order. Parties are advised that the Court typically expects discovery to be complete within 120 days of the scheduling order, with dispositive motions due 150 days from the scheduling order. Should the parties propose a different timeline, the parties' report must explain with sufficient detail why additional time is needed in their case.

The Court will consider the parties' Rule 26(f) report and, if it agrees with the proposed deadlines, will enter a scheduling order adopting them in lieu of holding a Rule 16 conference. If the parties are unable to agree on case deadlines, or if the Court otherwise deems such a conference necessary upon review of the parties' submission, it will schedule a Rule 16 conference.

### B.      Trial Setting

The Court generally does not schedule trial until after the dispositive motion deadline has passed and any such motions have been resolved. After setting the trial date, the Court will enter a Trial Management Order that sets out the dates on which all pretrial documents are due. Pretrial conferences are generally held in person.

### C.      Motions for Extension of Time

Motions for extension—even when unopposed—must be timely and supported by good cause. Thus, absent exigent circumstances, a motion to extend case or briefing deadlines must be

received at least five days before the current deadline and must include an explanation of good cause for the extension.

## III. Discovery Issues

The Court expects to handle discovery disputes informally and discourages parties from filing formal discovery motions, which take extra time and resources to resolve. In the event the parties have a dispute, they should first e-mail a brief summary of the dispute to the Courtroom Deputy at kasubhai_crd@ord.uscourts.gov. If the dispute cannot be resolved by e-mail correspondence, a telephonic hearing to discuss the matter will be scheduled on an expedited timeline.

## IV. Motion Practice

### A. Oral Argument

Oral argument is not automatically scheduled. The parties will be contacted if, after reviewing the briefing, the Court determines oral argument will be helpful in resolving the motion.

### B. Summary Judgment

The Court strongly encourages parties to only seek summary judgment on issues the moving party legitimately believes involve no question of material fact or that raise significant dispositive legal issues. This level of consideration will avoid unnecessarily delaying the resolution of the case, drawing down client resources, as well as the Court's resources. Accordingly, a moving party's argument in favor of summary judgment should be well supported by citations to the record, which should be either to the paragraph numbers of affidavits and declarations or to the page number of any deposition excerpts. Parties are required to submit copies of all documents in an organized fashion.

### C. Judge's Copies

Except for those documents identified in the Trial Management Order, parties are exempt from Local Rule 5-8 with regard to providing the Court with paper "Judge's Copies."

### D. Hyperlinks

Counsel shall hyperlink the cases they cite in their briefs. For information on inserting hyperlinks in CM/ECF, see [Section 5 of the CM/ECF User Manual](#).

## V. Consent to Magistrate Judge

The parties are encouraged to consider consenting to a Magistrate Judge. The District of Oregon has a committed practice and governance plan that recognizes the significant, meaningful, and equal contribution to the district court's work by both Magistrate Judges and District Judges. This Court considers all judges in the District of Oregon to be of equal caliber and capability in managing and deciding all cases within its jurisdiction. Additionally, because of their schedules, Magistrate Judges are often able to accommodate a trial setting earlier than this Court may be able to. For more information, see [https://www.ord.uscourts.gov/index.php/court-info/consenting-to-magistrate-judge-jurisdiction](https://www.ord.uscourts.gov/index.php/court-info/consenting-to-magistrate-judge-jurisdiction).

## VI. Settlement Conferences

Requests to schedule a settlement conference can be directed to the Courtroom Deputy [kasubhai_crd@ord.uscourts.gov](mailto:kasubhai_crd@ord.uscourts.gov). The Court encourages the parties to explore settlement at any stage of litigation and will assist in locating a settlement judge.

## VII. Opportunities for New Lawyers

The Court strongly encourages litigants and law firms to be mindful of opportunities for new lawyers (attorneys practicing less than seven years) to conduct hearings before the Court in tandem with more experienced attorneys, especially where new lawyers drafted or significantly

contributed to motions and responses. These opportunities include oral argument as well as witness examination.

It is important to provide new lawyers with substantive speaking opportunities to gain experience in court, as the benefits of such experience accrue to the new lawyer, clients, and the legal profession in general. However, when having a new lawyer appear solo may not be appropriate, an experienced attorney may supplement a new lawyer's arguments and questions with their own as needed.

### VIII.  Self-Represented (*pro se*) Parties

Parties proceeding *pro se* (representing yourself without a lawyer) should refer to the District of Oregon's "Handbook for Self-Represented Parties" for helpful information.

### IX.  *Pro Hac Vice*

Attorneys admitted *pro hac vice* and their Oregon counsel should read and be familiar with the Court's Local Rules and general litigation practices.

IT IS SO ORDERED.

DATED this 14th day of October 2025.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (he/him)<br>
United States District Judge