Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | | |
|---|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION FILE NO. 25-cv-1870 |
| Plaintiff, | : : | |
| v. | : : | CLASS ACTION COMPLAINT TCPA (47 U.S.C. § 227) |
| GAMECHANGER247, LLC d/b/a MRBEAST.STORE | : : : | DEMAND FOR JURY TRIAL |
| Defendant. | : : | |

## JOINT DISCOVERY PLAN

Pursuant to Fed. R. Civ. P 26(f), the parties hereby submit their joint discovery plan and proposed deadlines for the Court's review and consideration:

**(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties agree that there should be no changes made in the timing, form, or requirement for disclosures under Rule 26(a). The deadline for the parties to exchange Initial Disclosures is December 22, 2025.

**(B)  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

<u>**Plaintiff:**</u>

The Plaintiff anticipates that discovery will be needed on the requisites of FED. R. CIV. P. 23 to support her anticipated motion for class certification as well as on the merits of Plaintiff's claim to prepare for trial, or to oppose any summary judgment motion the Defendants may file. Plaintiff intends to seek discovery from Defendant or any identified third parties pertaining to (1) ESI regarding the alleged calls at issue in this case and any purported leads related thereto; (2) email and other communications related to telemarketing calls and any relationship with a vendor that may have made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telephonic complaints received by Defendant and its responses thereto as the Plaintiff is seeking to certify the following class:

> All persons throughout the United States (1) who did not provide their telephone number to Defendant, (2) to whom Defendant delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Defendant's goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Defendant delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

Discovery does not need to be completed in phases or be limited to or focused on particular issues.

<u>**Defendant:**</u>

Defendant anticipates serving written discovery including requests for admission, document

2 - JOINT DISCOVERY PLAN

requests, and interrogatories. The requests will include, but is not limited to, Plaintiff's relationship with Defendant, Plaintiff's theory of liability and damages, Defendant's defenses to the TCPA, whether the proposed class meets the requirements of Fed. R. Civ. P. 23 for class certification, as well as any and all factual and evidentiary support for the claims and defenses arising out of this lawsuit.

Defendant intends to depose Plaintiff, and any other third-party witnesses that come to light through discovery, by the proposed fact discovery cutoff.

**(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties agree that limited electronically stored information ("ESI") will be produced in this case. The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have agreed limited ESI will be produced. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in its native form or in unitized, fixed image format (e.g., .pdf).

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it

locates through a reasonable search. If after a reasonable review of the production, Plaintiff or Defendant determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach an agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or Defendant may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, Local Rules and/or any other orders of the Court.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer regarding the terms of such a protective order and will endeavor to reach agreement on those terms. If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, Local Rules and/or any other orders of the Court.

**(D) What changes should be made in the limitations on discovery imposed under the Fed. R. Civ. Pro. or by local rule, and what other limitations should be imposed.**

At this time, the parties do not anticipate any changes or deviations from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery.

**(E) Proposed scheduling deadlines:**

1. Amend Pleadings and Add Parties: **April 2, 2026**
2. Initial Expert Disclosure Deadline: **August 3, 2026**
3. Rebuttal Expert Deadline: **August 31, 2026**
4. Discovery Cutoff: **September 28, 2026**
5. Joint ADR Report: **October 12, 2026**
6. Class Certification: **October 26, 2026**
7. *Summary Judgment Deadlines to be set after entry of Class Certification Order*
8. Pretrial Order: 45 days following the Court's ruling on any dispositive motion

The Parties agree that given the anticipated breadth of discovery needed to be conducted related to Plaintiff's class allegations and whether the proposed class meets the requirements of Fed. R. Civ. P. 23, the Parties need additional time to conduct fact and expert discovery necessary prior to any dispositive motions. Thus, the Parties' proposed scheduling deadlines deviate from the Court's recommended timeline. Dkt. 2.

**(F) Electronic service:**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe

Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**(G) Magistrate Judge:**

The parties do not consent to a Magistrate Judge.

Respectfully submitted

Dated: December 8, 2025       /s/ Anthony Paronich
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

DATED: December 8, 2025       **MCGUIREWOODS LLP**

By: /s/ Amy Starinieri Gilbert
Amy Starinieri Gilbert, Esq. (admitted *pro hac vice*)
agilbert@mcguirewoods.com
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
Telephone: 312.849.8100
Facsimile: 312.849.3690

*Attorney for GAMECHANGER247, LLC d/b/a MRBEAST.STORE*